```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
GLORY WEALTH SHIPPING PTE LTD.,           :

                            Plaintiff,    :

           -against-                      : 08 Civ. 9279 (LLS)

PARKROAD CORPORATION,                     : **OPINION and ORDER**

                            Defendant.    :
------------------------------------------X
```

Plaintiff's <u>ex parte</u> application for issuance of Process of Maritime Attachment and Garnishment discloses the following:

1. Plaintiff is a foreign business entity with a principal place of business in Singapore;

2. Defendant is a foreign business entity organized and existing under the laws of Korea;

3. It does not appear that either plaintiff or defendant conducts business in the United States;

4. There is no showing that the maritime charter party whose breach is alleged to give rise to the claim required any of the vessel's voyages to include arrivals or departures at any United States port;

5. The charter party agreement and bills of lading require disputes arising under them to be submitted to arbitration in London, with English law to apply;

6. There is no assertion that any breach of the charter party took place in the United States of America;

7. There is no expression of any intention on the part of plaintiff to litigate or arbitrate its alleged claim.

X   X   X

Provisional remedies such as attachment are not available independently of an underlying actual or anticipated adjudication or award. "The entire point of an attachment, as a provisional remedy before trial, is to secure a plaintiff's claim before it can be adjudicated." Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd., 485 F. Supp. 2d 399, 404 (S.D.N.Y. 2007). What provisional remedies do is "to make as effective as possible recovery upon awards, after they have been made," Filia Compania Naviera, S.A. v. Petroship, S.A., No. 81 Civ. 7515 (RWS), 1982 U.S. Dist. LEXIS 9404, at *10 (S.D.N.Y. Mar. 19, 1982), quoting Judge Conner in Andros Compania Maritima, S.A. v. Andre & Cie., S.A., 430 F. Supp 88, 93 (S.D.N.Y. 1977) and Judge Learned Hand in Murray Oil Prods. Co., Inc. v. Mitsui & Co., Ltd., 146 F.2d 381, 384 (2d Cir. 1944).

There being no indication in the papers of any intention by plaintiff to seek an adjudication in any jurisdiction, the case is inappropriate for the issuance of a writ of attachment, which would give plaintiff a license to disrupt defendant's unrelated business dealings in aid of a claim which may never be presented for any neutral evaluation.

The ex parte application is denied, without prejudice to a further showing of facts which would make such an attachment appropriate.

So ordered.

DATED: New York, New York
November 3, 2008

                                                */s/ Louis L. Stanton*
                                                  LOUIS L. STANTON
                                                      U. S. D. J.